FILED'06 MAR 01 14:38USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ALLSTATE INSURANCE COMPANY,　　　　　　　　　　Civ. No. 04-3047-CO
an Illinois corporation,

　　　　Plaintiff,　　　　　　　　　　　　　　　OPINION AND ORDER

　　v.

NICHOLAS DANIKEN and JOHN
HORTON,

　　　　Defendants.
_____

AIKEN, Judge:

　　　Plaintiff filed suit seeking a declaratory judgment that it had no duty to defend or indemnify defendant Nicholas Daniken in a civil proceeding brought by defendant John Horton against Daniken alleging battery and negligence. Plaintiff moved for summary judgement, and on November 21, 2005, Magistrate Judge Cooney issued his Findings and Recommendation and that plaintiff's motion be denied. The matter is now before me. See 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b).

1 - OPINION AND ORDER

When either party objects to any portion of a magistrate judge's Findings and Recommendation, the district court must make a <u>de novo</u> determination of that portion of the magistrate judge's report.  <u>See</u> 28 U.S.C. § 636(b)(1); <u>McDonnell Douglas Corp. v. Commodore Business Machines, Inc.</u>, 656 F.2d 1309, 1313 (9th Cir. 1981).  Plaintiff has filed timely objections to the Findings and Recommendation, and I have, therefore, given <u>de novo</u> review of Magistrate Judge Cooney's ruling.  I find that plaintiff is entitled to summary judgment, in part.

I briefly summarize the underlying facts.

On December 16, 2001, defendants Daniken and Horton were involved in an altercation, and Daniken was cited with disorderly conduct, two counts of criminal mischief II and two counts of assault IV.  On December 18, 2002, Daniken pled no contest to one count of assault in the fourth degree, and the remaining charges were dismissed.  On November 14, 2003, Horton filed a civil suit in state court against Daniken, alleging battery and negligence and seeking damages for injuries he sustained during the altercation. Daniken tendered the defense of Horton's action to plaintiff under a homeowners' insurance policy.  On June 3, 2004, plaintiff filed suit in this court.

In moving for summary judgment, plaintiff argues that it is entitled to a declaratory judgment that it has no duty to defend or indemnify Daniken in the civil proceeding brought by Horton. Plaintiff relies on an exclusion contained in Daniken's insurance

2 - OPINION AND ORDER

policy that excludes from coverage any bodily injury or property damage "which may reasonably be expected to result from the [insured's] intentional or criminal acts" and also any bodily injury "intended" by an insured. Complaint, Ex. 4, p. 4. Thus, if Daniken's acts were criminal or intentional and Horton's alleged injuries could reasonably be expected to result from Daniken's actions, or if Daniken intended to harm Horton, plaintiff has no duty to defend or indemnify Daniken.

I first discuss whether plaintiff has a duty to defend Daniken in the underlying action brought by Horton. <u>Holloway v. Republic Indem. Co. of Am.</u>, 201 Or. App. 376, 384, 119 P.3d 239 (2005) ("Because the duty to defend is independent of the duty to indemnify, and the test for the breach of the former is different from the test for the breach of the latter, we address each duty separately".).

"Whether an insurer has a duty to defend an action against its insured depends on two documents: the complaint and the insurance policy." <u>Ledford v. Gutoski</u>, 319 Or. 397, 399, 877 P.2d 80 (1994). "First, the court must determine whether the complaint contains allegations of *covered* conduct. If it does, . . . then the insurer has a duty to defend, even if the complaint also includes allegations of excluded conduct. If the complaint does not contain allegations of covered conduct, . . . then the insurer has no duty to defend." <u>Abrams v. General Star Indem. Co.</u>, 335 Or. 392, 400, 67 P.3d 931 (2003).

3 - OPINION AND ORDER

Plaintiff argues that the criminal acts exclusion of the policy applies, because Daniken was convicted of fourth-degree assault as a result of his altercation with Horton. Plaintiff relies on the "settled rule in this state that if lack of coverage has been uncontrovertibly established in a separate judicial proceeding, the insurer has no duty to defend." North Pac. Ins. Co. v. Wilson's Distributing Serv., Inc., 138 Or. App. 166, 173, 908 P.2d 827 (1995) (citing Casey v. Northwestern Sec. Ins. Co., 260 Or. 485, 491 P.2d 208 (1971) and Oregon Ins. Guaranty Ass'n v. Thompson, 93 Or. App. 5, 760 P.2d 890 (1988)). Plaintiff thus argues that Daniken's conviction for assault in the fourth degree "uncontrovertibly establishes" that the criminal acts exclusion contained in Daniken's homeowner's insurance policy applies.

It is undisputed that Daniken was convicted of assault in the fourth degree through his plea of no contest. However, Daniken argues that his no contest plea is inadmissible and cannot establish the criminality of his actions under Federal Rule of Evidence 410.[1] Under Rule 410, admission of a no contest plea is prohibited in any criminal or civil proceeding if offered against the person who entered the plea. Fed. R. Evid. 410(2); Feldman v. Allstate Ins. Co., 322 F.3d 660, 666 (9th Cir. 2003) ("Most evidentiary rules are procedural in nature, and the Federal rules of Evidence ordinarily govern in diversity cases.") (quotation

---

[1] Daniken did not raise Fed. R. Evid. 410 in his previous motion to dismiss, and the court did not consider it.

4 - OPINION AND ORDER

marks and citation omitted). Plaintiff argues that while Rule 410 may exclude evidence of Daniken's plea, it does not preclude admission of Daniken's conviction, and that this fact alone establishes that Daniken's acts were "criminal" within the meaning of the policy exclusion. See <u>Olsen v. Correiro</u>, 189 F.3d 52, 61 (1st Cir. 1999); see also <u>Twentieth Century Ins. Co. v. Schurtz</u>, 92 Cal. App. 4th 1188, 1194-96 (2001). I disagree.

Admission of Daniken's conviction establishes only that he was convicted of a crime; it alone cannot establish that his actions were "criminal" - i.e., that he was guilty of the offense to which he pled no contest. It is well-established that a plea of no contest is not an admission of guilt, even though the effect may be the same. As aptly stated by the Supreme Court in <u>North Carolina v. Alford</u>, 400 U.S. 25, 37 (1970): "An individual accused of a crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime."

Thus, while evidence of Daniken's conviction may be admitted to establish the fact of his conviction and his consent to imposition of sentence, it cannot be used as an admission by Daniken that his actions forming the basis for the plea were, in fact, criminal. See <u>Olsen</u>, 189 F.3d at 60-61; <u>Tower Ins. Co., Inc. v. Judge</u>, 840 F. Supp. 679, 691-92 (D. Minn. 1993); <u>Allstate Ins. Co. v. Marinucci</u>, 1995 WL 271367 *3 (N.D. Cal. 1995).

I further find that Horton's negligence claim alleges unintentional acts that are arguably within the scope of coverage under Daniken's homeowner's policy. Thus, plaintiff has a duty to defend Daniken, even though Horton's complaint also includes allegations of excluded conduct. <u>Abrams</u>, 335 Or. at 400, 67 P.3d 931. I thus adopt Magistrate Judge Cooney's recommendation that plaintiff's motion for summary judgment on its duty to defend claim be denied. Further, given that the criminal and intentional acts exclusions do not apply for purposes of plaintiff's duty to defend, I find that no question of material fact remains, and that defendant Daniken is entitled to summary judgment on this claim. <u>Kassbaum v. Steppenwolf Prod., Inc.</u>, 236 F.3d 487, 494 (9th Cir. 2000) ("It is generally recognized that a court has the power sua sponte to grant summary judgment to a non-movant when there has been a motion but no cross-motion.").

The next issue is whether plaintiff is required to indemnify Daniken if he is found liable for Horton's injuries. While "[t]he duty to defend is triggered by the bare allegations of a pleading[,] . . . the duty to indemnify is established by proof of actual facts demonstrating a right to coverage." <u>Northwest Pump & Equip. Co. v. American States Ins. Co.</u>, 144 Or. App. 222, 227, 925 P.2d 1241 (1996).

Here, plaintiff has produced evidence that Daniken's actions were intentional. Most significantly, Daniken told Officer Michael Vanderlip of the Ashland Police Department that "he attacked Horton

6 - OPINION AND ORDER

first by pushing him and punching him in the face. [Daniken] told me that he attacked first to defend himself." <u>See</u> Allstate's Concise Statement of Material Facts, Ex. B, p. 4 (Ashland Police Department Report). Officer Vanderlip's report is admissible in a civil proceeding as a public record setting forth "matters observed pursuant to duty imposed by law as to which matters there was a duty to report," and Daniken's statements are admissible as party admissions. <u>See</u> Fed. R. Evid. 801(d)(2) and 803(8)(B). Further, Daniken does not dispute these statements. Rather, Daniken asserts in his affidavit that: "An altercation ensued in which I was defending myself. I did not intend to cause physical injury to John Horton. I was trying to keep him away from me." Affidavit of Nicholas Daniken, p. 2. For the intentional acts exclusion to apply, however, plaintiff need only show that Daniken's actions were intentional.

Finally, Horton's alleged injuries of contusions, bruises and cuts could reasonable be expected to result from Daniken's actions. <u>Allstate Ins. Co. v. Sowers</u>, 97 Or. App. 658, 661, 776 P.2d 1322 (1989). Therefore, the intentional acts exclusion applies, and plaintiff has no duty to indemnify Daniken in the underlying action. Plaintiff is thus entitled to summary judgment on its duty to indemnify claim.

## CONCLUSION

For the reasons explained above, I adopt Magistrate Judge Cooney's Findings and Recommendation (doc. 49) issued on November

7 - OPINION AND ORDER

21, 2005, in part. Plaintiff's Motion for Summary Judgment (doc. 25) is GRANTED as to plaintiff's duty to indemnify and DENIED as to its duty to defend. Accordingly, judgment shall issue in favor of plaintiff with respect to its Second Claim for Relief, and judgment shall issue in favor of defendant Daniken with respect to plaintiff's First Claim for Relief and Daniken's counterclaim for declaratory judgment.

IT IS SO ORDERED.

Dated this  1  day of ~~February~~ March, 2006.

_____
Ann Aiken
United States District Judge

8 - OPINION AND ORDER