IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ALLSTATE INSURANCE COMPANY,   Civil No. 04-3047-CO

    Plaintiff,   ORDER AND
FINDINGS AND RECOMMENDATION

  v.

NICHOLAS DANIKEN; and JOHN HORTON,

    Defendants.

COONEY, Magistrate Judge:

On March 1, 2006, the court entered an order granting plaintiff's motion for summary judgment as to plaintiff's claim that it has no duty to indemnify its insured, defendant Daniken, and denying plaintiff's motion as to its claim that it has no duty to defend defendant Daniken in the underlying state court case, <u>Horton v. Daniken</u> (#53 Order, #49 Findings and Recommendation). Plaintiff now moves for entry of an order of default and default judgment against defendant Horton (#54).

## **LEGAL STANDARDS**

Federal Rules of Civil Procedure Rule 55 provides in pertinent part: "(a) Entry.  When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default."  The court may also enter default where plaintiff seeks a default judgment without having obtained entry of default against a defendant.  See Breuer Elec. Mfg. Co. v. Toronado Sys. of Am., Inc., 687 F.2d 182, 185 (7th Cir. 1982).  Default will be entered upon a showing that defendant has been served with summons; the time allowed by law for responding has expired; and defendant has failed to file a pleading or motion permitted by law.  First Am. Bank, N.A. v. United Equity Corp., 89 F.R.D. 81, 86 (D.D.C. 1981); Jacobs v. Tenney, 316 F. Supp. 151, 165 (D. Del. 1970).  Where defendant has failed to respond as required by law, defendant is not entitled to notice before default is entered.  Hawaii Carpenters' Trust Funds v. Stone, 794 F.2d 508, 512 (9th Cir. 1986).

The decision to grant or deny a motion for default judgment is within the discretion of the court.  Alan Neuman Prods., Inc. v. Albright, 862 F.2d 1388, 1392 (9th Cir. 1988); Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  Factors which may be considered in exercising discretion as to the entry of default judgment include:  (1) the possibility of prejudice to the

Findings and Recommendation - Page 2

plaintiff if relief is denied; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.  Eitel, 782 F.2d at 1471-72.  Default judgments are ordinarily disfavored, and cases should be decided on the merits whenever possible.  Id. at 1472; see also Kocenko v. Buskirk, 56 F.R.D. 14, 16 (E.D. Pa. 1972).  "When a default is entered against one defendant in a multi-defendant case, the preferred practice is for the court to withhold granting a default judgment until the trial of the action on the merits against the remaining defendants."  Exquisite Form Indus., Inc. v. Exquisite Fabrics of London, 378 F. Supp. 403, 416 (S.D.N.Y. 1974).

Upon entry of default, plaintiff's well-pleaded allegations of fact relating to liability, except allegations relating to the amount of damages, will be taken as true.  TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917 (9th Cir. 1987); see Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992) (necessary facts not contained in pleadings and legally insufficient claims not established by default).  The facts established are conclusive upon entry of judgment.  Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975).

## **DISCUSSION**

The record shows that a waiver of service of summons and complaint was accepted by Tim Gerking on June 15, 2004, "for Daniken" (#3), and that another waiver of service of summons and complaint was accepted by Steven Johnson on June 15, 2004 (#4; see Pettit Aff. Ex. B).[1] The complaint and amended complaint in the Horton state case show that Steven Johnson was attorney for John Horton in that case. (Compl. Exs. 1 & 2; see Pettit Aff. Ex. A.) In support of its motion, plaintiff represents that, "On June 15, 2004, Horton, through his attorney, acknowledged receipt of the Complaint and waived service of summons." (Pettit Aff. at 2 ¶ 3.) The execution of a waiver of service of process does not constitute an "appearance." See Rogers v. Hartford Life and Accident Ins. Co., 167 F.3d 933, 938 (5th Cir. 1999).

On this record, the court is satisfied that defendant John Horton was served with summons, the time allowed for response has expired, and defendant has failed to respond as permitted by law. Accordingly, default is entered against defendant John Horton.

Plaintiff seeks a default judgment in its favor and against defendant

---

[1] The waiver states in pertinent part that, "I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an Answer or Motion under Rule 12 is not served upon you within 60 days after June 8, 2004, . . . ." (#4; Pettit Aff. Ex. B at 5.)

Horton, "consistent with the court's ruling in the Order of March 1, 2006." (Pl. Mem. at 2.) The allegations of plaintiff's complaint name defendant Horton as the plaintiff in the state case; plaintiff's claims seek declaratory relief as to defendant Daniken. (Compl.; see Pettit Aff. Ex. A.) On this record, the court finds that default judgment should be entered as to defendant Horton in favor of plaintiff with respect to plaintiff's second claim for relief seeking a declaration that it has no duty to indemnify defendant Daniken, and in favor of defendant Horton with respect to plaintiff's first claim for relief seeking a declaration that plaintiff has no duty to defend defendant Daniken.

## ORDER

Based on the foregoing, plaintiff's motion for an order of default (#54) is granted and default is entered against defendant John Horton.

## RECOMMENDATION

Based on the foregoing, it is recommended that plaintiff's motion for entry of default judgment against defendant John Horton (#54) be granted, and that judgment be entered in this case in favor of plaintiff with respect to plaintiff's second claim for relief, and in favor of defendants Daniken and Horton with respect to plaintiff's first claim for relief, and in favor of Daniken with respect to his counterclaim for declaratory judgment, and that this case

be dismissed.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. **Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order.** The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have ten days within which to file a response to the objections. **Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.**

DATED this ___26____ day of April, 2006.

_____/s/_____
UNITED STATES MAGISTRATE JUDGE